UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| CHAD GECHT | Case No. 20-cv-1763 |

and

NICOLETTE BABCOCK,

      Plaintiffs,

  vs.

WISCONSIN AUTO TITLE LOANS, INC.

and

STATEWIDE RECOVERY SPECIALISTS L.L.C.,

      Defendants.

## COMPLAINT

NOW COME the Plaintiffs Chad Gecht and Nicolette Babcock, by and through their attorneys, DeLadurantey Law Office, LLC, and complain of Defendants Wisconsin Auto Title Loans, Inc. and Statewide Recovery Specialists L.L.C., and alleges to the best of their knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### NATURE OF THE ACTION

1. This lawsuit arises from the collection attempts of the Defendants.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Wisconsin Consumer Act ("WCA"), Wis. Stat. 421 *et seq*, and Wisconsin common law and statutes.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d) as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred

5. This Court has supplemental jurisdiction over the claims arising under the Wisconsin Consumer Act, Wisconsin statute and common law, under 28 U.S.C. §1367, because these claims are related to the FDCPA claims as they arise under the same set of facts, becoming part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

7. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendants are subject to personal jurisdiction in Wisconsin, as the actions giving rise to the lawsuit occurred in Wisconsin.

## PARTIES

8. Plaintiff Chad Gecht (hereinafter "Plaintiff" or "Mr. Gecht") is a natural person who resides in Marquette County, Wisconsin.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. §1962a(3).

10. Plaintiff Nicolette Babcock (hereinafter "Plaintiff" or "Ms. Babcock") is a natural person who resides in Marquette County, Wisconsin.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. §1962a(3).

12. Defendant Wisconsin Auto Title Loans, Inc. (hereinafter "Defendant WATL") is a foreign business with a principal office of 8601 Dunwoody Place, Suite 406, Atlanta, GA 30350, and a registered agent of C T Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703.

13. Defendant WATL regularly attempts to collect debts owed to others and is a "debt collector" as defined by 15 U.S.C. §1692a(6) and Wis. Stat. § 427.103(3).

14. Defendant WATL is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

15. Defendant Statewide Recovery Specialists L.L.C. (hereinafter "Defendant Statewide") is a business with a principle office at 1810 Cofrin Drive, Green Bay, WI 54302. Defendant's registered agent is Kiven P. Gerke, at the same address.

16. Defendant Statewide regularly attempts to collect debts owed to others and is a "debt collector" as defined by 15 U.S.C. §1692a(6) and Wis. Stat. § 427.103(3).

17. Defendant Statewide is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

**BACKGROUND**

18. In 2019, Plaintiff Babcock entered into an installment loan with Defendant WATL. The loan was for less than $25,000 and primarily for family, household, and personal purposes.

19. This loan was secured (a non-purchase money security interest) against a 2004 Chevrolet Suburban ("the vehicle"), owned by Plaintiff Babcock.

20. Defendant Statewide was retained by Defendant WATL to repossess Plaintiff Babcock's vehicle.

21. Prior to the repossession, Plaintiff Babcock did not receive notice of the right to cure pursuant to Wis. Stat. § 425.104.

22. Prior to the repossession, Plaintiff Babcock was not given notice of the intent to repossess the vehicle pursuant to Wis. Stat. § 425.206.

23. Plaintiff Babcock and Plaintiff Gecht share the same residence and have shared financial resources. Plaintiff Gecht often drove the vehicle owned by Plaintiff Babcock.

24. Plaintiff Gecht conducted repairs on the vehicle, along with improvements to the value of the vehicle.

25. In November 2020, Defendant Statewide went to Plaintiff Gecht's workplace to repossess the vehicle.

26. Plaintiff Gecht verbally protested the repossession.

27. The repossession employees/agents of Defendant Statewide ignored the protests of Plaintiff Gecht.

28. Defendant Statewide continued with the repossession over Plaintiff Gecht's verbal protest, proceeding to rapidly accelerate the repossession tow truck. During this rapid acceleration, Plaintiff Gecht was struck by the vehicle and thrown to the ground. Plaintiff Gecht sustained personal injuries resulting from the impact with the vehicle and ground.

29. Defendant WATL is liable for the acts of Defendant Statewide and its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

## COUNT 1 – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692) BY DEFENDANT STATEWIDE ONLY

30. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing deliberate acts by Defendant Statewide constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692f(6).

32. Specifically, Defendant Statewide could not legally take the vehicle due to the protest by Plaintiff Gecht.

33. As a result of the above violation of the FDCPA, Plaintiffs have suffered actual damages pursuant to 15 U.S.C. §1692k(a)(1).

34. Defendant Statewide is liable to Plaintiffs for their actual damages, statutory damages, and costs and attorneys' fees, as provided by 15 U.S.C. § 1692k.

## COUNT 2 – VIOLATIONS OF THE WISCONSIN CONSUMER ACT (WIS. STAT. § 425) – ALL DEFENDANTS

35. Plaintiff Babcock incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Repossessions are governed by Wis. Stat. § 425.206(2), which states, "In taking possession of collateral or leased goods, no merchant may do any of the following: (a) Commit a breach of the peace…"

37. A breach of the peace occurs when the property is taken over the objection of the debtor. *Hollibush v. Ford Motor Credit Co.*, 508 N.W.2d 449 (WI Ct. App. 1993).

38. A breach of the peace occurred when the vehicle was taken after Plaintiff Gecht protested it's taking.

39. Defendant WATL is liable for the acts of Defendant Statewide and its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

40. Under Wis. Stat. § 425, Plaintiff Babock (only) is seeking to have the vehicle lien avoided, actual damages, return of the vehicle (or the fair market value of the vehicle), seeking the return of payments already made towards the vehicle, and seeking reimbursement of attorney fees and costs.

### COUNT 3 – VIOLATIONS OF THE WISCONSIN CONSUMER ACT (WIS. STAT. 427) – ALL DEFENDANTS

41. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The amount that Defendants were attempting to collect constitutes a "claim" as that term is defined at Wis. Stat. § 427.103(1).

43. Defendants violated § 427.104(1)(h) in that the conduct as described herein could reasonably be expected to harass a person.

44. Defendants' conduct violated § 427.104(1)(j) in that they did not have a right to repossess the vehicle because they knew that they had not complied with the law governing the repossession of vehicles.

45. As a result of the illegal conduct, Plaintiffs has suffered actual damages.

46. Defendants are liable to Plaintiffs for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorney's fees, under Wis. Stat. § 427.105.

### COUNT 4 – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION – DEFENDANT WATL ONLY

47. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Defendant WATL was negligent in the hiring, training and/or supervision of Defendant Statewide.

49. Defendant WATL owed Plaintiffs a duty of reasonable hiring, training, and/or supervision of their agents engaged in self-help repossessions on its behalf.

50. The negligence of the Defendant WATL's agents, Defendant Statewide, was a substantial factor in producing injuries and damages which the Plaintiffs sustained due the unlawful actions and practices as noted in previous paragraphs.

51. As a direct and proximate result of said injuries received from the unlawful acts, the Plaintiffs have sustained actual damages, including emotional distress.

52. Plaintiffs seek redress and damages for Defendant WATL negligent hiring, training, and/or supervision of Defendant Statewide, along with reasonable attorneys' fees and costs.

## COUNT 5 - CIVIL THEFT

53. Plaintiff Babcock incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Defendants have exercised dominion and control over Plaintiff's Vehicle without her consent and without the lawful right to do so and with intent to deprive her permanently of possession of the car, in violation of Wis. Stats. §§ 943.20 and 895.446.

55. Plaintiff Babcock suffered a loss and actual damages as a result of Defendants' conduct, and pursuant to Wis. Stat. § 895.446, is entitled to recover her actual damages, all costs of investigation and litigation that were reasonably incurred, including the value of the time spent

by her attorney, and punitive or exemplary damages of not more than three times the actual damages, from Defendants.

## COUNT 6 - CONVERSION

56. Plaintiff Babcock incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. At all times herein mentioned, Plaintiff was entitled to the possession of the Vehicle.

58. In November, Defendants took the vehicle from Plaintiff's possession and converted the same to their own use.

59. Pursuant to the established business practices established and implemented by Defendants, they have without right or justification taken possession, dominion, and/or control of Plaintiff's vehicle and denied Plaintiff the use and quiet enjoyment thereof and withheld and refused to return either the vehicle or funds.

60. At the time of the conversion, Defendants were actually and/or constructively aware of Plaintiff's clear legal ownership and right to possession of the vehicle.

61. As a result of Defendants' misconduct, the Plaintiff Babcock has incurred actual damages, which include (but are not limited to) deprivation of the use and enjoyment of the vehicle and/or funds, incurring costs and expenses for finding alternative means of transportation, inconveniences and frustration, humiliation, extreme anxiety, emotional distress, and has and incurred costs and expenses related to the vehicle. Further, Defendants' conduct justifies the awarding of punitive damages.

62. Defendants' actions included fraud, ill will, malice, recklessness, wantonness, oppression, insult, willfulness, and/or conscious disregard of the Plaintiff's rights and justify the awarding of exemplary and punitive damages.

## TRIAL BY JURY

63. Plaintiffs are entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiffs pray that this Court will enter judgment against the Defendants as follows:

A. for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) as to Defendant Statewide;
B. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) as to Defendant Statewide;
C. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) as to Defendant Statewide;
D. as to Plaintiff Babcock, only, for the vehicle lien to be avoided, return of the vehicle, the return of payments already made towards the car, and seeking reimbursement of attorney fees and costs under Wis. Stat. § 425 as to All Defendants;
E. for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorney's fees, under Wis. Stat. § 427 as to all Defendants;
F. compensation, actual damages (including emotional distress), punitive damages, and reasonable attorney fees and cost for all Counts, specifically Counts 4-6;
G. for an award of actual damages due to the loss of use and value of the vehicle resulting from the Defendant's conversion;
H. as to Plaintiff Babcock, only, for an award of actual damages due to the unauthorized use of the vehicle, including wear and tear resulting from the Defendant's conversion;
I. as to Plaintiff Babcock, only, for damages for time and money properly expended in pursuit of the converted vehicle;
J. for such other and further relief as may be just and proper.

Dated this 25th day of November, 2020.

s/ Nathan DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Dr, Suite 109
Brookfield, WI  53005
(414) 377-0515
nathan@dela-law.com

*Attorney for the Plaintiffs*